# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**ABDULHAKIM MUHAMMAD**                                                                  **PETITIONER**
*ADC #150550*

V.                              CASE NO. 4:20-cv-01477-BRW-JTK

**DEXTER PAYNE**
*Director,*
*Arkansas Department of Corrections*                                                    **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A 149
>  Little Rock, AR 72201-3325

## I.    Introduction

Petitioner Abdulhakim Muhammad ("Muhammad") is an inmate at Arkansas Division of Correction – East Arkansas Regional Unit ("ADC"). He is serving 12 life sentences plus 180 years, to be served consecutively, for capital murder, attempted capital murder, and 10 counts of unlawful discharge from a vehicle. *See State of Arkansas v. Muhammad*, No. CR-2009-2626. Muhammad filed this *Writ of Habeas Corpus* under 28 U.S.C. § 2254. For the reasons stated below, the Court recommends granting Defendant's Motion to Dismiss (Doc. No. 7) and dismissing Muhammad's petition with prejudice.

## II.    Background

In 2011, Muhammad entered a plea of guilty to capital murder, attempted capital murder, and 10 counts of unlawful discharge of a firearm, (Doc. No. 8, Ex. A) and was sentenced to 12 life sentences plus 180 years. To be served consecutively. *Id.* The charges arose out of a shooting in 2009 at a military recruiting station in Little Rock in which one soldier was killed and another soldier wounded. *See Muhammad v. State*, 2020 Ark. 47, 592 S.W.3d 242. Muhammad did not file

an appeal, but instead filed a petition to correct an illegal sentence two and a half years later in 2014. (Doc. No. 8, Ex. C). At that time, A.C.A. § 16-90-111 had been superseded by Arkansas Rule of Criminal Procedure 37, and the Defendant's petition was reviewed under those procedural requirements. *State of Arkansas v. Muhammad*, No. CR-2009-2626. The Rule, in pertinent part, says "If a conviction was obtained on a plea of guilty… a petition claiming relief under this rule must be filed… within 90 days." *Id.* Because Muhammad's petition was filed over two years after entry of his judgment, his petition was dismissed as untimely. *Id.*

Nearly 5 years later Muhammad filed a state Habeas Corpus petition under A.C.A. § 16-112-101-123, in which he raised the same arguments that he alleges in his federal habeas petition. (Doc. No. 8, Ex. D). His petition was denied, and he appealed. The Arkansas Supreme Court denied his petition by opinion on January 30, 2020. *See Muhammad v. State*, 2020 Ark. 47, 592 S.W.3d 242.

Muhammad filed his current petition for *writ of habeas corpus* under 28 U.S.C. § 2254 on December 21, 2020. In his petition he presents three arguments: (1) that the Arkansas courts lacked jurisdiction to hear his case; (2) ineffective assistance of counsel; and (3) that his plea was made unintelligently. In support, Muhammad provides the Court with a letter to the Secretary of the Army signed by three members of Congress and a neuropsychological evaluation of the petitioner performed by Dr. Barry M. Crown, Ph.D.

### III. Discussion

Muhammad's claims are time-barred pursuant to 28 U.S.C. § 2244(d)(1), so the petition must be dismissed. There is a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of: (1) the date a judgment

becomes final by the conclusion of direct review or the expiration of the time for seeking such review, 28 U.S.C. § 2244(d)(1)(A); (2) the date that a state-created impediment to filing the petition is removed, 28 U.S.C. § 2244(d)(1)(B); (3) the date upon which a new constitutional right has been recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C); or (4) the date on which the petitioner could have, through the exercise of due diligence, discovered the factual predicate underlying the claims presented, 28 U.S.C. § 2244(d)(1)(D).

The Court finds that Subsection (d)(1)(A) applies here. Pursuant to subsection (d)(1)(A), the statute of limitations clock began to run on the date Muhammad's judgment became final by the conclusion of direct review, or the expiration of time for seeking such review. Muhammad's convictions were entered on July 25, 2011. (Doc. No. 8, Ex. A). Under *Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. Jan. 21, 2015), the time for seeking direct review expired 30 days later, on August 24, 2011. *See id.* at 934 – 935 (judgment becomes final on direct review when time for direct review expires and that time for seeking direct review in Arkansas is generally 30 days from entry of judgment).  So, Muhammad had until August 24, 2012, to file a timely habeas petition. However, Muhammad didn't file his petition until December 21, 2020, more than eight years late.

Muhammad disagrees that his filing is untimely, insisting that his statute of limitation did not begin to run until after the conclusion of his petition for habeas corpus in State court. However, Muhammad's case history provides no basis for tolling. Muhammad made his first filing in state court on February 19, 2014, a petition to correct an illegal sentence, (Doc. No. 8, Ex. B) which was denied on March 12, 2014. (Doc. No. 8, Ex. C). Five years later Muhammad filed his state habeas petition, on April 17, 2019 (Doc. No. 8, Ex. D). This petition was denied, and he appealed. The Arkansas Supreme Court denied his petition by opinion on January 30, 2020. *See Muhammad*

*v. State*, 2020 Ark. 47, 592 S.W.3d 242. All these filings took place outside of the one-year limitation, August 24, 2012, and, therefore do not serve to toll the limitations period. *See Boston v. Weber*, 525 F.3d 622, 625 (8th Cir. 2008) (holding that petitions filed after the one-year statute of limitations has expired do not provide for tolling). 28 U.S.C. § 2244(d)(1)(A) states that the limitation period shall run from … the date on which the judgment became final, and the limitation period tolls only when a properly filed application for State post-conviction or other collateral review is pending. Here, there were no such applications filed during the one-year limitation period immediately following the entry of Muhammad's judgment.

Muhammad contends that the statute of limitation does not bar his claims because of two pieces of evidence he claims he did not obtain until after the statute of limitations ran on August 24, 2012: a copy of a mental health evaluation performed prior to the date of his guilty plea in 2011, and a letter written by three Arkansas congressmen on December 16, 2014, which Muhammad claims he obtained in "late 2018." (Doc. No. 13, at 1-2; Doc. No. 14 at 6-13).

The Court interprets this argument as an assertion under 28 U.S.C. § 2244(d)(1)(D), the provision that the statute of limitations should run from the date on which he could have, through the exercise of due diligence, discovered the factual predicate underlying the claim or claims presented. The court is not persuaded by this argument. For one, by his own admission, Muhammad discussed his mental health with his trial attorney. Stating that his attorney advised him that "he would be better off in prison than a 'rubber room' in the state hospital." (Doc. No. 8 Ex. D) (Muhammad's State petition for habeas corpus). He further states that two-months before the trial, Muhammad's attorney emailed Muhammad's father and "informed [him] of the psychological findings and stated that they were 'great for use' at trial." *Id.* at p. 4. Muhammad also contends that the significance of the 2014 congressional letter is in its recitation of facts and

laws that he contends impact the State court's jurisdiction. (Doc. No. 14, at 2, 6). But those facts were known to, or knowable to, Muhammad prior to the running of the AEDPA statute of limitations had he exercised due diligence; in fact, they come from his own admissions during his guilty plea hearing, according to the letter. *Id.* at 6. Also, any laws referenced in the letter that he contends impacted the State court's jurisdiction were in existence at the time of his guilty plea. *Id.*

There is one other exception to the one-year limitations period for filing a habeas corpus petition – actual innocence. The Supreme Court has held that actual innocence, when proved, allows a petitioner to overcome expiration of the AEDPA's one-year limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386 – 87 (2013).

The actual-innocence exception under *McQuiggin* does not apply to overcome Muhammad's untimeliness because he has provided no allegations of any new evidence to support it. Muhammad pled guilty. A guilty plea is the antithesis of actual innocence. Solemn declarations – including guilty pleas – in open court carry a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 73 (1977). Because Muhammad has failed to provide any excusable or justifiable reason to overcome his failure to file a timely petition, this Court recommends that Muhammad's petition be dismissed as time-barred.

### IV.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant, Dexter Payne's, Motion to Dismiss, (Doc. No. 7), is GRANTED

2. Petitioner Abdulhakim Muhammad's § 2254 habeas petition, (Doc. No. 1), is DISMISSED WITH PREJUDICE.

3. A Certificate of Appealability is DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a),

Rules Governing § 2254 Cases in United States District Courts.

IT IS SO ORDERED this 22nd day of December, 2022.

                                                                       _____
                                                                       JEROME T. KEARNEY
                                                                       UNITED STATES MAGISTRATE JUDGE